The Honorable Jack Critcher State Representative P.O. Box 79 Grubbs, Arkansas 72431
Dear Representative Critcher:
This opinion is being issued in response to your recent questions regarding the Arkansas Public School Choice Act.
Your questions arise out of Jackson County, where the overall racial composition of the county, as determined and certified by the Arkansas Department of Education, is 74.8% white and 25.2% black.
You have asked:
 (1) Can white students from the Jackson County School District, where the racial composition is 93.9% white and 5.8% black, transfer to the Swifton School District (in Jackson County), where the racial composition is 98.9% white and 1.1% Hispanic?
 (2) If a student's original application for transfer under the provisions of A.C.A. § 6-18-206 was made by the statutory deadline and accepted by the nonresident school district, does the statute require that a new application be filed for each succeeding school year?
RESPONSE
Question 1 — Can white students from the Jackson County School District,where the racial composition is 93.9% white and 5.8% black, transferunder the authority of the exemption provided in A.C.A. §6-18-206(g)(2), to the Swifton School District (in Jackson County), wherethe racial composition is 98.9% white and 1.1% Hispanic?
It is my opinion that white students from the Jackson County School District cannot transfer to the Swifton School District under the authority of the exemption provided in A.C.A. § 6-18-206(g)(2).[1] I have recently issued Attorney General Opinion No. 96-248, a copy of which is attached, in which I addressed this issue.
As I discussed in Op. No. 96-248, the Arkansas Public School Choice Act allows public school students to attend schools that are located in districts other than those in which the students reside. However, the act establishes certain restrictions upon this choice of school districts. The primary restriction is set forth in A.C.A. § 6-18-206(g)(1), which states:
 No student may transfer to a nonresident district where the percentage of enrollment for the student's race exceeds that percentage in his resident district except in the circumstances set forth in subdivision (2) of the subsection.
A.C.A. § 6-18-206(g)(1).
An exemption from this restriction is provided in A.C.A. §6-18-206(g)(2), which states:
 A transfer to a district is exempt from the restriction set forth above if all districts within a county have voted to participate in choice and the transfer is between two (2) districts within a county, and if the black and white percentages of school enrollment in both the sending and receiving district remain within an acceptable range of the county's overall black and white percentages of school population as set forth by the Department of Education. . . .
A.C.A. § 6-18-206(g)(2).
As indicated previously, and as you noted in your correspondence, the Department of Education has determined that the overall racial composition of the schools in Jackson County is 74.8% white and 25.2% black, and that the acceptable range of variance from those percentages is 22.0% to 28.3%. Using the Eighth Circuit Court of Appeals' method of applying the acceptable ranges of variance, see Little Rock SchoolDistrict v. Pulaski County School District, 839 F.2d 1296 (8th Cir. 1988), no school district in the county can have any greater than a 95.9% white student population (which is a 28.3% variance from the county's overall 74.8% white student population), or any less than an 18% black student population (which is a 28.3% variance from the county's overall 25.2% black student population).
The Swifton School District appears to be outside of the acceptable ranges of variance for both white and black student percentages, having a 98.9% white student population and a 0% black student population. Jackson County School District appears to be outside of the acceptable range of variance for black student percentages, having a black student population of 5.8%. That is, Swifton School District already has overrepresentation of white students that is in excess of a 28.3% variance from the county overall white student population, and underrepresentation of black students that is in excess of a 28.3% variance from the county overall black student population. Jackson County School District also has underrepresentation of black students that is in excess of a 28.3% variance from the county overall black student population.
Any transfer by white students from the Jackson County School District to the Swifton School District would place the Swifton School District even further outside of the acceptable range of variance for white student percentages, and would place the Jackson County School District even further outside of the acceptable range of variance for black student percentages.
The exemption of subdivision (2), quoted above, requires that both the sending and the receiving school district "remain within" the acceptable ranges of variance after the transfer. Because neither district would "remain within" the acceptable ranges of variance after a transfer of white students from Jackson County School District to the Swifton School District, I must conclude that such a transfer cannot take place under the authority of the exemption set forth in A.C.A. § 6-18-206(g)(2).
Question 2 — If a student's original application for transfer under theprovisions of A.C.A. § 6-18-206 was made by the statutory deadline andaccepted by the nonresident school district, does the statute requirethat a new application be filed for each succeeding school year?
It is my opinion that the statute does not require that a new application for transfer be filed for each succeeding school year once a student's application has been accepted and he has actually transferred to the nonresident district.
I base this conclusion on three aspects of the statute.
First, the statute makes reference to only one application for transfer, and directs that it be postmarked not later than April 17 "of the year in which the pupil would begin the fall semester at the nonresident district." (Emphasis added.) The context in which this language makes use of the term "begin" appears to indicate the submission of only one application for transfer, presented a certain amount of time prior to the student's first fall semester at the nonresident school. The statute makes no mention of successive fall semesters.
Second, the section of the statute that deals with interscholastic athletics (A.C.A. § 6-18-206(e)) is revealing with regard to this issue. It states:
 A student who transfers to a nonresident district in grades nine through twelve (9-12) shall not be eligible for interscholastic athletic competition for a period of one (1) year from the date of the beginning of the transfer.
This provision, by delaying the transferred student's participation in certain activities until after a year has passed, clearly contemplates that students who have been accepted for transfer will continue to attend the school in question for a period of more than one year. It would therefore follow that such students need not reapply for transfer.
Third, the statute requires that the racial composition of each school district be calculated each year. A.C.A. § 6-18-206(g)(3). One purpose of this yearly calculation is to provide a basis upon which to evaluate the propriety of future proposed transfers. Id. These yearly calculations would be meaningless if they did not presume that the transferred students would continue to attend. Future proposed transfers therefore could not be evaluated upon their basis.
For these reasons, I conclude that students who have been accepted for transfer to a nonresident school district need not reapply for transfer in successive school years.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The Department of Education has designated all three school districts within Jackson County as having a "Code 1" school choice eligibility. See the Department of Education's "School Choice Eligibility" printout dated March 15, 1996, a copy of which is attached. The cover memo for the printout defines "Code 1" eligibility as follows: "Code 1 indicates that your district is eligible under Ark. Code Ann.6-18-206(g)(1), `No student may transfer to a nonresident district where the percentage of enrollment for the student's race exceeds that percentage in his resident district except in the circumstances set forth in subdivision (2) of this subsection.'"